IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. CRUCE, MORRIS ALVEY, and DEBBIE ALVEY, individually and as parents/grandparents and next of kin of MICHAEL CRUCE, MONICA CRUCE, JOSHUA CRUCE and STEPHEN CRUCE, deceased,<br><br>       Plaintiffs,<br><br>v.<br><br>CHASE FAKES, DANNY W. SELLARS, EDGAR CONLEY, ROBERT CONLEY, YITING ZHAO, DONALD SCOTT FAKES, LANE CONSTRUCTION CORPORATION (THE), AECOM C&E, INC., AECOM SERVICES, INC., AECOM TECHNICAL SERVICES, INC., and AECOM USA, INC.,<br><br>       Defendants. | NO. 3-15-CV-682<br>JURY DEMAND<br><br>SENIOR JUDGE HAYNES<br>MAGISTRATE JUDGE HOLMES |

SECOND PROPOSED CASE MANAGEMENT ORDER

The Parties submit this proposed case management order.

**A.**     **JURISDICTION AND VENUE:** The Court has jurisdiction under 28 U.S.C. § 1332(a)(1), as the amount in controversy of each individual Plaintiff's cause of action exceeds $75,000, exclusive of interest and costs, and the citizenship of each Plaintiff is completely diverse from the citizenship of each Defendant.

**B.**     **PARTIES' THEORIES OF THE CASE:**

    **1.**     **PLAINTIFFS' THEORY OF THE CASE**

This case arises from a terrible collision on Interstate 40 that killed four people. On October 3, 2014, at approximately 6:46 P.M., Defendant Edgar Conley was operating a 1999 Chevrolet Tahoe, traveling east on I-40 in Wilson County, Tennessee. Defendant Robert Conley

owned that vehicle. As the Conley Tahoe was traveling east, the Defendant Yiting Zhao, driving a Volkswagen Beetle, collided with the rear of the Conley vehicle. It was not a major collision.

After the collision, Conley and Zhao did not move their vehicles to the side of the Interstate. Instead, Conley and Zhao parked their vehicles in one of the center lanes where the collision occurred. Conley and Zhao got out of their vehicles and stood in the Interstate. Neither Conley nor Zhao turned on their hazard lights or their headlights.

On October 3, 2014 at approximately 6:56 P.M., Monica Cruce was operating a 2000 Honda Accord ("the Cruce vehicle"). The Cruce vehicle was traveling eastbound on I-40 near mile marker 232 in Wilson County, Tennessee. Mrs. Cruce's husband, Michael, and two sons, Joshua and Stephen, were passengers in the vehicle. Mrs. Cruce slowed her vehicle as she approached Conley and Zhao's stopped vehicles. Surrounding traffic also slowed in response to the stopped vehicles.

On October 3, 2014 at approximately 6:56 P.M., Chase Fakes was operating a black 2004 Ford F250 truck, traveling eastbound on I-40 behind the Cruce vehicle. Chase Fakes was speeding while intoxicated or under the influence of drugs, specifically alprazolam, also known as Xanax.

As the Cruce vehicle slowed or stopped in response to the stopped Conley and Zhao vehicles, Mr. Fakes approached the Cruce vehicle from behind at an excessively high rate of speed. The Fakes truck then slammed into the Cruce vehicle from the rear. Chase Fakes did not apply his brakes before the impact. The Fakes truck crushed the entire Cruce vehicle. Photographs of the crushed and pulverized Cruce vehicle are below:

 

Photographs of the Cruce Vehicle

All four members of the Cruce family were killed as a result of the collision. The cause of death listed on each of their death certificates is "multiple blunt force injuries."

The time of death listed on Michael, Joshua and Stephen Cruce's death certificates is 7:10 P.M. The time of death listed on Monica Cruce's death certificate is 7:35 P.M.

Monica Cruce was 42 years old at the time of her death. Michael Cruce was 43 years old at the time of his death. Joshua Cruce was 17 years old at the time of his death. Stephen Cruce was 14 years old at the time of his death.

Plaintiffs assert claims for punitive and compensatory damages against Chase Fakes. Those claims are premised upon Chase Fakes' negligent and reckless conduct in driving while intoxicated, driving excessively fast, failing to keep a proper lookout ahead, failing to apply his brakes before the fatal collision, and otherwise failing to exercise reasonable care. Plaintiffs also assert negligence *per se* claims against Chase Fakes.

Plaintiffs assert claims against the Defendant Donald Scott Fakes ("Scott Fakes") as the owner of the Ford F250 truck. Those claims include claims for negligent and reckless entrustment, claims under the family purpose doctrine, and claims for vicarious liability and

{00087515.DOC / ver:2 }

- 3 -

Case 3:15-cv-00682   Document 54   Filed 10/01/15   Page 3 of 11 PageID #: 339

agency. Before the fatal collision, Chase Fakes had a terrible driving history and criminal history that included arrests for assault and DUI as well as citations for extreme speeding. Scott Fakes knew or should have known of his son's dangerous propensities before he provided Chase Fakes with the subject truck.

Plaintiffs assert claims against Yiting Zhao based upon her negligence in causing a rear end collision in the Interstate and then failing to heed her statutory obligation to move her vehicle out of the roadway after that collision. *See* T.C.A. § 55-10-117 and T.C.A. § 55-8-158.

Plaintiffs assert claims against the Conley Defendants based upon the Conley driver's negligence in possibly causing the initial collision and failing to remove his vehicle from the roadway before the fatal collision.

Both Yiting Zhao and Edgar Conley were negligent for failing to remove themselves from the Interstate before the fatal collision and other subsequent collisions. That negligence was the proximate cause of injuries sustained by Yiting Zhao and Edgar Conley.

The Defendant Zhao alleges as an affirmative defense that Lane Construction and the AECOM Defendants were at fault and that Lane Construction and the AECOM Defendants caused or contributed to the wreck that is the subject of this litigation. Ms. Zhao alleges that, on October 3, 2014, the Friday afternoon/evening traffic on I-40 was backed up and slowed to a standstill due to dangerous and defective roadway building and design by Lane Construction and/or the AECOM Defendants. Lane Construction and/or the AECOM Defendants designed and built this section of interstate with a dangerous and defective bottleneck transition area where four lanes of east-bound interstate traffic reduced from the far left lane to three lanes and then suddenly reduced to two lanes (again from the left outside "fast" lane) in an unsafe shortened transition area with inadequate signs warning drivers that the two left fast lanes would

quickly merge and disappear. As a result, in heavy volume traffic, vehicles were forced to slow suddenly and merge in an unreasonably short transition zone causing large volume traffic backups to occur thereby dangerously slowing and stopping interstate traffic. Accordingly, Plaintiffs assert claims against Lane Construction and the AECOM Defendants.

    2.    **DEFENDANT'S THEORY OF THE CASE**

    *a.*    ***Defendant Yiting Zhao:***  The allegations of fault asserted by the Plaintiffs are denied. Yiting Zhao was driving her Volkswagen Beetle eastbound on Interstate 40 in heavy Friday afternoon traffic when she had an accident with the SUV driven by Edgar Conley. Her Volkswagen Beetle was disabled by the accident. While awaiting the assistance of police and towing services, and after numerous other vehicles had passed without incident, the accident involving the Cruce and Fakes' vehicles occurred. The Cruce and Fakes' vehicles accident caused serious bodily injury to Ms. Zhao.

    *b.*    ***Defendants Edgar Conley and Robert Conley:***  Edgar Conley, while operating a vehicle owned by his brother, Robert Conley was traveling eastward on Interstate 40 when the former was hit from behind by a Volkswagen owned and operated by Yiting Zhao. Fearing serious injury to the motorist who collided with him, Edgar Conley left his vehicle to check on potentially injured occupants in the Volkswagen before returning to his vehicle. The involvement of additional motorists in a broader accident began before Mr. Conley believed that moving his vehicle could be done safely, with the vehicle capable of being normally and safely driven, or operated under its own power in its customary manner without further damage or hazard to itself, to the traffic elements, or to the roadway.

    It is Mr. Conley's belief based on his short time to observe the Volkswagen before retreating to his own vehicle that the Volkswagen was not drivable and would obstruct a lane of the eastbound interstate behind him even if his own vehicle were not present.

***c.      Defendant Chase Fakes:***  Defendant Chase Fakes denies he was in any manner negligent or at fault with respect to the causes of action set forth in the Complaint.

Chase Fakes was returning to his home traveling on I-40 eastbound near the Highway 109 exit, operating a 2004 Ford F250 truck owned by Scott Fakes.  A motor vehicle accident had previously occurred wherein Yiting Zhao's vehicle struck a vehicle operated by Edgar Conley.  Ms. Zhao and Mr. Conley did not remove their vehicles from the center lanes of I-40, and thus created a dangerous and hazardous condition.

As Chase Fakes approached the Zhao/Conley accident scene, suddenly and without warning, the vehicle operated by Monica Cruce struck or was struck by other vehicles causing the Cruce vehicle to spin out of control, directly into the path of the Fakes vehicle, causing an ensuing collision.  The foregoing created an emergency situation and the resulting collision between the Fakes vehicle and the Cruce vehicle was unavoidable.

This Defendant denies any action or omission by him would rise to a level to support the Plaintiffs' claims for punitive damages.

***d.      Defendant Danny Sellars:***  The Plaintiffs allege Danny W. Sellers was an owner or co-owner of the 2004 Ford F250 truck operated by Chase Fakes at the time of the accident that is the subject of this litigation.  Danny W. Sellars denies he was the owner or co-owner of the 2004 Ford F250 truck operated by Chase Fakes at the time of the accident that is the subject of this litigation.

***e.      Defendant Donald Scott Fakes:***  Donald Scott Fakes was the owner of the 2004 Ford F250 truck operated by Chase Fakes at the time of the accident that is the subject of this litigation.  Donald Scott Fakes denies Chase Fakes was a negligent and reckless driver as

alleged by the Plaintiffs. Donald Scott Fakes denies he was negligent, reckless or otherwise guilty of negligent entrustment of the truck to Chase Fakes as alleged by the Plaintiffs.

Chase Fakes used the truck for his work and personal use. The truck was not a family purpose vehicle. The use of the truck was not for the purpose of providing pleasure to the family.

Chase Fakes was not operating the truck for the use and benefit of Donald Scott Fakes, nor was he the agent or servant of Donald Scott Fakes at the time of the accident that is the subject of this litigation. There was no agency relationship existing between Chase Fakes and Donald Scott Fakes at the time of the accident that is the subject of this litigation.

*f.* *Defendant Lane Construction Corporation:* Defendant Lane Construction Corporation denies that it negligently designed and built Interstate 40. It further denies that a bottleneck at mile marker 232-233 forced cars to suddenly and unsafely merge from four lanes to two lanes without adequate transition zone distance, signage, warnings or speed reductions, thereby creating an unreasonably dangerous, defective and unsafe road condition under any circumstances. Defendant Lane Construction Corporation denies it was negligent in any manner and denies it is liable for any of the injuries and damages alleged in the Third Amended Complaint.

*g.* *Defendants AECOM C&E, Inc., AECOM Services, Inc., AECOM Technical Services, Inc., and AECOM USA, Inc. ("AECOM Defendants"):*

[TO BE PROVIDED]

**C.** **ISSUES RESOLVED:** Jurisdiction and venue are not in dispute.

**D.** **ISSUES STILL IN DISPUTE:** Liability and damages.

**E.     PRESERVATION OF EVIDENCE:**  The following six vehicles were involved in the collisions that are the subject of this litigation:

>   2004 Ford F-250 (black)
>   TN Tag#:  A9160X
>   VIN:  1FTNW21P94EB46353
>   Owner:  Donald Scott Fakes
>   Driver:  Chase Fakes
>
>   1999 Chevrolet Tahoe (gold)
>   TN Tag #: F2006D
>   VIN:  1GNEK13R1XJ342374
>   Owner:  Edgar Conley
>   Driver:  Robert Conley
>
>   2013 Volkswagen Beetle (yellow)
>   MO Tag #:  HJIG86
>   VIN:  3VWJP7ATXDM607766
>   Owner and Driver:  Yiting Zhao
>
>   2000 Honda Accord (gold)
>   KY Tag #: 779PGX
>   VIN:  1HGCG565XYA066121
>   Owner and driver:  Monica Cruce, deceased
>
>   2006 Chevrolet Malibu (white)
>   TN Tag#:  0658DA
>   VIN:  1G1ZS51F06F201588
>   Owner:  Carlene Timberlake
>   Driver:  Tamika McDonald
>
>   2007 Dodge Charger (green)
>   TN Tag#:  N4800Y
>   VIN:  2B3KA53HX7H729232
>   Owner and driver:  Shane Lovell

The vehicles are currently in the custody of the Tennessee Highway Patrol.  The Court ORDERS that those vehicles shall be transferred to _____, where they will be stored pending further orders of the Court.  Transportation costs and storage fees will be shared in six equal portions among:  Plaintiffs, the Fakes defendants, Ms. Zhao, the Conley defendants, Lane Construction, and the AECOM defendants.

The parties and their representatives will be given reasonable access to inspect the vehicles. No destructive testing or destructive manipulation of the evidence may occur without express written permission from this Court.

**F.   INITIAL DISCLOSURES:** The Plaintiffs, as well as the Fakes, Zhao and Conley defendants, have already made initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The Lane Construction and AECOM defendants shall make their disclosures by _____, 2015.

**G.   DISCOVERY:** Discovery shall not be stayed pending resolution of a dispositive motion pending further order of the Court.

1. Each party may propound a total of 45 interrogatories to each other party.

2. The parties shall complete all fact discovery on or before _____, 2016.

3. The parties have reserved the following dates for depositions: October 20-23, 2015, and _____, 2015.

4. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge.

5. The parties agree that there will be no limit on the number of depositions they may take, subject to further order of the Court.

**H.   ELECTRONIC DISCOVERY:** Electronic discovery shall be conducted pursuant to an agreement between the parties. If the parties are unable to reach an agreement on electronic discovery, they should schedule a telephone conference with the Magistrate Judge.

**I.   ELECTRONIC SERVICE:** The Parties agree that service of documents not filed through the Court's ECF filing system may be accomplished by e-mail.

**J. DISCLOSURE OF EXPERTS:** Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before _____, 2016. Defendants shall identify and disclose all expert witnesses and reports on or before _____, 2016. The parties will submit five dates for the deposition of their experts at the time they disclose them.

**K. DEPOSITIONS OF EXPERT WITNESSES:** To the extent that the parties choose to depose expert witnesses, they shall do so on or before _____, 2016.

**L. MEDIATION:** The parties shall mediate on or before _____, 2016.

**M. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before _____, 2016. Responses to dispositive motions shall be filed within 30 days after the filing of the motion. Replies shall be filed within 14 days after the filing of the response. Briefs shall not exceed 25 pages.

**N. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 5 days. The parties expect the case to be ready for trial on or before _____ of 2016.

It is so **ORDERED**.

**ENTERED** this the _____ day of October, 2015.

 

                                                           Magistrate Judge Barbara D. Holmes

APPROVED FOR ENTRY:

s/George Nolan_____
George Nolan (BPR No. 14974)
L<small>EADER</small>, B<small>ULSO</small> & N<small>OLAN</small>, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4114
gnolan@leaderbulso.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Warren Smith
Smith & Tompkins
Suite 100
214 2nd Avenue North
Nashville, TN 37201

John Thomas Feeney
Feeney & Murray, P.C.
424 Church Street, #2230
P.O. Box 198685
Nashville, TN 37219

Garry K. Grooms
Matthew J. DeVries
John P. Nefflen
Burr & Forman, LLP
511 Union Street, Suite 2300
Nashville, TN 37219

Jeffrey C. Smith
Adams & Reese, LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, TN 38119

R. Kreis White
Brentwood Commons II, Suite 230
750 Old Hickory Boulevard
Brentwood, TN 37027

Tim L. Bowden
North Ridge Office Building
306 Northcreek Boulevard, Suite 200
Goodlettsville, TN 37072

Philip M. Kirkpatrick
Adams & Reese, LLP
Fifth Third Center
424 Church Street, Suite 2700
Nashville, TN 37219

/s/ George Nolan
George Nolan