# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| YITING ZHAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00861 |
| | ) | **JURY DEMAND** |
| CHASE FAKES; DANNY W. SELLARS; | ) | |
| DONALD SCOTT FAKES; JAMES D. CRUCE, | ) | |
| Co-Administrator of the Estate of MICHAEL | ) | **SENIOR JUDGE SHARP** |
| CRUCE, Deceased, and Co-Administrator of the | ) | **MAGISTRATE JUDGE HOLMES** |
| Estate of MONICA CRUCE, Deceased; | ) | |
| DEBORAH KAY ALVEY, Co-Administrator | ) | |
| of the Estate of MICHAEL CRUCE, Deceased, | ) | **Consolidated with 3:15-cv-00682** |
| and Co-Administrator of the Estate of | ) | **for discovery purposes only** |
| MONICA CRUCE, Deceased; LANE | ) | |
| CONSTRUCTION CORPORATION; EDGAR | ) | |
| CONLEY; ROBERT CONLEY; AECOM C&E, | ) | |
| INC.; AECOM SERVICES, INC.; AECOM | ) | |
| TECHNICAL SERVICES, INC.; and AECOM | ) | |
| USA, INC.; and SHANE J. LOVELL, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF YITING ZHAO'S RESPONSE TO AECOM AND LANE
## DEFENDANTS' MOTIONS TO DISMISS
### [DE #s 37, 37-1; 85]

## I. PRELIMINARY STATEMENT

The AECOM defendants [1] (hereafter "AECOM") and defendant Lane Construction

Company (hereafter "Lane") have filed Rule 12(b)(6) motions [2] raising the issue of whether

Plaintiff's Second Amended Complaint (DE# 34) against AECOM and Lane for negligent and

---

[1] AECOM C&E Inc.; AECOM Services, Inc.; AECOM Technical Services, Inc. and AECOM USA, Inc.

[2] AECOM's motion and supporting memorandum were filed in Case No. 3-15-CV-861, *Zhao v. Chase Fakes et al.*, as DE# 37 and 37-1. Lane's motion, DE# 85, was filed *in Cruce v. Chase Fakes et al.*, No. 3-15-CV-682 and adopts and incorporates by reference AECOM's motion and supporting memorandum.

defective road design should be dismissed for failure to state a claim upon which relief can be granted under the *Twombly*[3] and *Iqbal*[4] federal pleading standards because the complaint "fails to identify any governing standards for highway design and fails to specify how the current design falls below those standards. " [DE# 37 at 2].

AECOM and Lane further assert that dismissal under Rule 12(b)(6) should be granted because under T.C.A. § 54-5-145(c)(1) the AECOM and Lane Defendants are presumed to have acted with the degree of care and skill ordinarily exercised in the preparation of plans for construction of highways and with due regard for acceptable engineering standards and principles [DE# 37 at 2].

Respectfully, Plaintiff submits AECOM's and Lane's motions are without any merit because the Second Amended Complaint meets the *Twombly* and *Iqbal* pleading standards and, if any deficiency exists, Plaintiff has filed a motion to amend to cure any supposed pleading deficiencies.

## II. SUMMARY OF ARGUMENT

### A. Compliance with Rule 8 and *Twombly*/*Iqbal* pleading standards.

Plaintiff's Second Amended Complaint [DE# 34 in No. 3-15-CV-861] satisfies the applicable pleading standards under Rule 8, Rule 12(b)(6), *Twombly* and *Iqbal*.

### 1. This is a Negligence Claim.

The complaint avers detailed facts and gives fair notice to AECOM and Lane that they are being sued for *negligence* for defective highway (road design) because four lanes of east-bound interstate traffic on I-40 at mile marker 232 -233 reduced from the far left lane to three lanes and

---

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

then suddenly reduced to two lanes (again from the left outside "fast" lane) in an unsafe shortened transition area with inadequate signs warning drivers that the two left fast lanes would quickly merge and disappear, thereby causing a bottleneck, unsafe backup and road blockage and the collisions at issue at mile marker 231.6.[5]

**2. Plaintiff has pleaded a "plausible claim" for relief.**

Under Tennessee law road designers, engineers and contractors may be sued for negligent road design and blocking traffic.[6] Plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"[7] and has not simply recited threadbare elements of the cause of action.

**3. No requirement to plead "any governing standards".**

 AECOM and Lane's motions errantly presume that they can be only liable for negligent road design that departs from "governing standards" (unidentified by defendants) and that Plaintiff must plead specific standards. At this juncture, Plaintiff has not pleaded negligence *per se* claims against AECOM or Lane Construction (where identifying a government standard or statutory violation would be necessary).[8]  Discovery will likely conclusively confirm that AECOM and Lane violated governing guidelines for safe lane transition set forth in the Manual on Uniform Traffic Control Devices ("MUTCD') to establish a negligence *per se* claim.[9] However, there is

---

[5] Paragraphs 9, 14, 19, 20, 21, 70, 71, 72, 84 and 85 specifically plead facts to support this negligent design claim.  DE# 34.

[6] *See infra* at pp.7-9 ("Law Applicable to Negligent Highway Design.").

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).

[8] *See McConkey v. McGhan Med. Corp.*, 144 F. Supp. 2d 958, 965 (E.D. Tenn. 2000) (stating that "[t]o establish a claim of negligence *per se*, one must identify that the defendant breached a statute, regulation, or ordinance").

[9] Violation of the MUTCD constitutes negligence *per se*: *Russell v. Anderson County*, No. E2010-00189-COA-R3-CV, 2011 Tenn. App. LEXIS 57, 2011 WL 486900 (Tenn. Ct. App. Feb. 11, 2011)(MUTCD violation is negligence *per se*).

no requirement or necessity under Tennessee law in a defective road design negligence case, where the legal standard is "reasonableness," to plead "governing standards" or how AECOM's design falls below "standards" as AECOM's and Lane's legal duty as a road builder/designer is simply one of reasonable care.[10]

4. **No requirement to negate affirmative defenses or presumption.**

AECOM's discussion of T.C.A. § 54-5-145(c)(1) confuses and conflates a *potential* affirmative defense or rebuttable presumption with Plaintiff's pleading burden under Rule 8 and *Twombly*/*Iqbal*. Plaintiff is under no duty in her complaint to negate an affirmative defense or to

---

[10]  *See Fowler v. Henderson,* Nos. W2002-02529-COA-R3-CV and W2003-02862-COA-R3-CV 2003 Tenn. App. LEXIS 942 at 13  (Tenn. Ct. App. Dec. 31, 2003):

> "Although Henderson and Wittichen fail to cite a particular provision of the MUTCD setting forth a duty of care owed by Blume to the Fowlers and Appellants as members of the traveling public, we note that Blume does not appear to dispute that it did, in fact, have a duty to ensure and provide for the safety of motorists and pedestrians traversing through the Houston Levee construction area on June 14, 2000. Therefore, we find no material issue of fact as to whether Blume owed a duty of care under the particular circumstances."

In *Scott v. Jones Bros. Constr.,* 960 S.W.2d 589, 592 (Tenn. Ct. App. 1997) a contractor was performing a highway construction project for the State of Tennessee on a 9.2-mile stretch of Highway 412 between Jackson and Dyersburg.  The Court noted that governing standards such as the Manual on Uniform Control Devices (MUTCD), enacted into law were a "guide" (*Id.* at 592) and affirmed the negligence  verdict:

> " . . . there was material evidence from which the jury could have concluded that the warning signs approaching the haul road crossing were inadequate, that the failure to reduce the speed limit approaching the crossing was negligent, that the flaggers were placed too close to the crossing, and that the scraper could have stopped but failed to do so. Therefore, there was material evidence to support the jury's conclusion that Jones Brothers was negligent. . ."

*Cf.  Atkins v. State,* No. E2003-01255-COA-R3-CV 2004 Tenn. App. LEXIS 240, 2004 WL 787166 (Tenn. Ct. App. Apr. 14, 2004) ("The standard of care imposed upon governments in building and maintaining roads is one of reasonableness. *Swain v. City of Nashville*, 170 Tenn. 99, 92 S.W.2d 405, 406 (Tenn. 1936)."

4

anticipate or negate a presumption.[11] Even more compelling, the presumption of compliance with the standard of care in preparing road design plans is available, by the express terms of the statute, only "**if** the engineering plans conformed to the department of transportation's design standards material to the condition or defect that was the proximate cause of the personal injury, property damage, or death." T.C.A. § 54-5-145(c)(1)(emphasis supplied).

AECOM and Lane have advanced no facts or cited to anything  asserting that its plans conformed to TDOT standards so as to avail itself of this presumption. If and when such proof were to be presented, then the presumption may be rebutted by a showing of gross negligence. T.C.A. § 54-5-145(c)(2). The pleading stage is not the time to resolve this issue of whether the presumption  in T.C.A. § 54-5-145(c)(1) applies or has been rebutted.

### III. STATEMENT OF FACTS & APPLICABLE LAW PERTINENT TO NEGLIGENT ROAD DESIGN CLAIM AGAINST DEFENDANTS

#### A. Pertinent Facts

Paragraph 20 of Plaintiff's Second Amend Complaint (DE# 34)  sets forth the applicable facts supporting Plaintiff's claim for negligent road highway design:

---

[11] *See* *Retamar-Lopez v. Bd. of Educ.*, 2014 U.S. Dist. LEXIS 7087, 2014 WL 221944 (S.D. Ohio Jan. 21, 2014)(" A plaintiff generally is not required to plead facts negating an affirmative defense. *See, e.g., Jones*, 549 U.S. at 212-16. A court may, however, grant a Rule 12(b)(6) motion on the basis of an affirmative defense if the defense appears on the face of the complaint. Id. at 215."); *MedChoice Fin., LLC v. ADS Alliance Data Sys.*, 857 F. Supp. 2d 665, 2012 (S.D. Ohio 2012)("*Reddy v. JPMorgan Chase Bank*, N.A., No. 09-1152, 2011 U.S. Dist. LEXIS 46849, at *9 (S.D. Ohio May 2, 2011) (privilege is an affirmative defense); *Frank v. Dana Corp.*, 646 F.3d 954, 963 (6th Cir. 2011) (plaintiff need not plead facts negating an affirmative defense). *See also Owner Operator Independent Drivers Assoc., Inc. v. Comerica* Bank, 540 F. Supp. 2d 925, 929 (S.D. Ohio Mar. 31, 2008) ("[P]laintiffs have no duty to plead facts negating an affirmative defense, such as the statute of limitations."); *Murthy v. Abbott Labs.*, 2011 U.S. Dist. LEXIS 129102, *45, 2011 WL 5416333 (S.D. Tex. Nov. 7, 2011) ("The Court concludes that Murthy need not, in her Complaint, plead one of the enumerated ways to rebut the statutory presumptions outlined in § 82.007 [no product liability for failure to warn if product approved by FDA].)."

5

"On October 3, 2014, the Friday afternoon/evening traffic on I-40 was backed up and slowed to a standstill due to dangerous and defective roadway building and design by Lane Construction and the AECOM Defendants. Upon information and belief, Lane Construction and/or AECOM Defendants designed and built this section of interstate **with a dangerous and defective bottleneck transition area where four lanes of east-bound interstate traffic reduced from the far left lane to three lanes and then suddenly reduced to two lanes (again from the left outside "fast" lane) in an unsafe shortened transition area with inadequate signs warning drivers that the two left fast lanes would quickly merge and disappear.** As a result, in heavy volume traffic, vehicles were forced to slow suddenly and merge in a unreasonably short transition zone causing large volume traffic back ups to occur thereby dangerously slowing and stopping interstate traffic." (emphasis supplied).[12]

## B. Law Applicable to Negligent Highway Design

Plaintiff has a plausible claim as Tennessee negligence law is well established that a motorist or passenger that is injured by the defective, dangerous or negligent design of a road or highway (including from blocked traffic)  has a cause of action against the contractor or designer responsible for the negligent highway design:

- *Atkins v. State*, slip op., No. E2003-01255-COA-R3-CV 2004 Tenn. App. LEXIS 240, 2004 WL 787166 (Tenn. Ct. App. Apr. 14, 2004)(Court of Appeals affirmed Tennessee Claims Commission finding  that the State was liable for negligent design, planning, construction, inspection, and maintenance of a connector road);
- *Sherman White & Co. v. Long*, 205 Tenn. 295, 326 S.W.2d 469, 1959 Tenn. LEXIS 365 (Tenn. 1959)(" We readily concede that one who is under contract with the State to repair and rebuild public roads may be liable in damages for proximate negligence in obstructing a highway to the extent that it is a hazard to the traveling public.");
- *Scott v. Jones Bros. Constr.*, 960 S.W.2d 589 (Tenn. Ct. App. 1997)(verdict upheld against   private contractor, Jones Brothers, for wrongful death due to

---

[12] *See also* ¶¶ 70-72 of Plaintiff's Second Amended Complaint (DE# 34):

70. Plaintiff re-alleges the allegations and facts in the preceding paragraphs [including paragraph 20] as if fully set forth herein.

71. In the alternative, upon information and belief, Plaintiff avers that the AECOM DEFENDANTS designed the subject roadway where Plaintiff was injured.

72. Plaintiff further alleges, in the alternative, that Plaintiff's injuries were directly and proximately caused by the negligence of the AECOM Defendants. The AECOM Defendants negligently designed Interstate 40 as set forth. . . supra. **A bottleneck at mile marker 232 - 233 forced cars to suddenly and unsafely merge from four lanes to two lanes without adequate transition zone distance, signage, warnings or speed reductions, thereby creating an unreasonably dangerous, defective and unsafe road, especially in high volume traffic.** (Emphasis added).

6

"negligent design of the haul road" and violations of the Manual of Uniform Traffic Control Devices "MUTCD" were a "guide to expert's testimony);

- *Russell v. Anderson County,* No. E2010-00189-COA-R3-CV, 2011 Tenn. App. LEXIS 57, 2011 WL 486900 (Tenn. Ct. App. Feb. 11, 2011)( The standards set forth in the MUTCD have been adopted in Tenn. Code Ann. § 54-5-108(b) requiring conformity to the provisions of the manual and in Tennessee Department of Transportation Rule 1680-3-1-.02[13] provides that the MUTCD is hereby adopted in its entirety and incorporated herein by reference.). In *Russell* the Court held that the failure to conform to the MUTCD was negligence *per se*. *Id*. at 30.

- *Robinson v. State,* No. E2011-01540-COA-R3-CV, 2012 Tenn. App. LEXIS 522 (Tenn. Ct. App. July 31, 2012) (State breached its duty to exercise reasonable care when it failed to install a speed advisory sign near a compound curve on a ramp even though the safe rate of speed decreased suddenly on the curve; thus, the State negligently failed to maintain the ramp.)

- *Fowler v. Henderson,* 2003 Tenn. App. LEXIS 942 (Tenn. Ct. App. Dec. 31, 2003)(tree service company that blocked road while tree trimming and failed to post warnings and flags in compliance with the MUTCD causing a traffic backup was negligent).[14]

- *See also Wolkoff v. State DOT,* 2013 Cal. App. Unpub. LEXIS 7803, 2013 WL 5805995 (Cal. App. 1st Dist. Oct. 29, 2013)(in a closely analogous case, cause of

---

[13] https://www.tn.gov/assets/entities/tdot/attachments/1680-03-01.pdf (last visited December 1, 2015).

[14] The Court of Appeals in *Fowler* went on to hold that, while negligent for not complying with MUTCD and common law standard of reasonable care, the tree trimming company's breach of duty by blocking traffic was not a proximate cause of the subsequent collisions because even if flags and warnings had been posted it would have made no difference:

> "Moreover, the undisputed proof is that the stopped Fowler vehicle was plainly visible to anyone approaching and would have the same visibility if it had been stopped by a warning sign or flag man placed by Blume [tree trimmer]. Therefore, it is undisputed that Blume's action or inaction was not the cause in fact nor the proximate cause of the collision at issue."

In other words, on the *facts* in *Fowler,* compliance with the MUTCD would have made no difference (no *sine qua non* causation). In the case at bar, however, the negligent road design created the bottleneck and road blockage and directly caused the Conley-Zhao collision and the subsequent Fakes-Cruce-Zhao-Conley second collision. Under these facts AECOM's defective design was a "but-for cause" causing the back-up bottleneck and was therefore "a substantial factor" in causing the subsequent collisions. *See Moore v. Butler,* No. W2010-02374-COA-R3-CV, 2011 Tenn. App. LEXIS 648, 2011 WL 6004010 (Tenn. Ct. App. Dec. 1, 2011)(distinguishing *Fowler,* Court held that a service vehicle that made a left turn without braking or using a turn signal was a proximate cause (substantial factor) when it then forced the a following tractor-trailer to brake quickly and was then hit by a second following tractor-trailer that rear-ended the first tractor-trailer. The service vehicle did not prove that its vehicle was not a substantial factor in causing the accident

7

action allowed against State highway department claiming road design was defective because "the roadway design provided high speed passing lanes to merge to a single lane within a short distance of a crest of a hill and where vehicles making left turns onto an intersecting road would occur" and "constituted a 'trap' for motorists using the roadway with due care.").

- *See also J. Wigglesworth Co. v. Peeples*, 985 S.W.2d 659 (Tex. App. Fort Worth 1999)(Truck driver carrying a mobile home reached a bridge in a single traffic lane that was too narrow for his truck to pass through. The truck driver stopped and backed up traffic for 300 yards. At the end of the traffic backup, plaintiff, in a vehicle that had been stopped was struck from behind by another 18-wheeler that was unable to stop, and plaintiff sustained injuries. Plaintiff sued the truck driver who stopped the traffic at the bridge and his employer, among others. The court found that the evidence was sufficient to find that the truck driver's negligence in blocking traffic proximately caused the plaintiff's injuries and that the intervening act of the 18-wheeler in striking plaintiff was reasonably foreseeable from the truck driver's actions; it thus was not a new and independent cause.

- *See also Klink v. State (In re Estate of Klink)*, 113 Haw. 332, 152 P.3d 504 (Haw. 2007)(State breached its duty to design, construct, and maintain highway due to excess water accumulation and breached its duty to warn. Runoff created excess water flow at the site where the decedent lost control of his vehicle and the accident was caused by excessive water on the highway that was a substantial factor in bringing about the decedent's death).

## IV. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is to ensure that the defendant is given "fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). This standard does not require "detailed factual allegations," but it "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th

8

Cir. 2002).In examining the sufficiency of a complaint, a court will take all factual allegations as true to determine whether the complaint is plausible on its face. *Twombly*, 550 U.S. at 555.; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Moreover, a court "cannot dismiss for factual implausibility 'even if it strikes a savvy judge that. . . recovery is very remote and unlikely'." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 630 (6th Cir. 2009) *quoting Twombly*, 550 U.S. at 556.The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

## V. ARGUMENT

### A. Plaintiff's Second Amended Complaint Complies with Rule 8 and *Twombly/Iqbal*

The purpose of Rule 8 and the driving force behind the decisions in *Twombly* and *Iqbal* is to provide defendants with adequate notice of the claims against them, and to keep out of court cases that have no chance of success (those that are not plausible). *Twombly*, 550 U.S. at 555. This is a negligence case and Federal Form 11 ("Complaint for Negligence") makes its clear that

9

under Rule 8 a "short and plain statement" of a negligence case can and should be pleaded very simply:

> Form 11. Complaint for Negligence.[15]
>
> (Caption -- See Form 1.) 1. (Statement of Jurisdiction -- See Form 7.)
> 2. On --date--, at --place--, **the defendant negligently drove a motor vehicle against the plaintiff.**
> 3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $ ------.
> Therefore, the plaintiff demands judgment against the defendant for $ ------, plus costs.
>
> (Date and sign -- See Form 2.)

Plaintiff's Second Amended Complaint (DE# 34) gives Defendants more than adequate notice of the case against them and also contains sufficient factual allegations to rise above the speculative level. The complaint specially alleges time, place, even to the exact mile markers of the defective road design. Under Fed. R. Civ. P. 9(f), "[a]n allegation of time or place is material when testing the sufficiency of a pleading." *Hoover v. Langston Equip. Assocs., Inc.,* 958 F.2d 742, 744 (6th Cir.1992). Paragraph 9 of the Second Amended Complaint (DE# 34) details that:

> 9. Lane Construction designed and built the portion of Interstate 40 from W of SR----171 to E of SR----109 (including mile marker 231.61.60) pursuant to a "design-build" contract with the State of Tennessee (Department of Transportation)( I-40, Widening from Central Pike to East of SR-109, Wilson County, Project No. lM-40-5(140); 95100-0105-44, PIN 114169.00, Contract No. DB1101).[16]

---

[15] USCS Fed Rules Civ Proc Appx F 11. Effective December 1. 2015 Fed. R. Civ. P. 84 and the Appendix of federal forms have been abrogated (as no longer needed). However, the Advisory Committee Notes to the 2015 rule change states: "The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8."

[16] This is the same "design-build" Lane Construction/AECOM project on I-40 that TDOT reviewed in July 2015 and concluded that crashes were occurring because of defective design and construction related to water drainage, causing hydroplaning accidents. *See* TDOT, *TDOT Releases Findings on I-40 Design Analysis in Wilson County* (July 31, 2015), available at: https://www.tn.gov/tdot/news/16618#sthash.X6PZTSdn.pdf:

> "Based on the initial data analysis, it is believed that the design-build team did not adequately address storm water runoff or the spread of storm water into lanes of travel.

Paragraph 14 of the Second Amended Complaint (DE# 34) provides additional detail:

> 14. Upon information and belief, Defendants AECOM C&E, INC.; AECOM SERVICES, INC.; AECOM TECHNICAL SERVICES, INC.; and AECOM USA, INC. (hereinafter: "AECOM Defendants") were responsible, pursuant to a contract with the State of Tennessee and/or Defendant Lane Construction, for the design of the subject roadway.

Paragraphs 19-21 (DE# 34) further detail the facts and the specific negligence allegations against AECOM and Lane:

> 19. On October 3, 2014 Plaintiff was operating a 2013 Volkswagen Beetle, VIN 3VWJP7ATXDM607766, bearing Missouri license tag number HJIG86. Plaintiff was traveling on I-40 in Wilson County, Tennessee at or near mile marker 231.6.

> 20. On October 3, 2014, the Friday afternoon/evening traffic on I-40 was backed up and slowed to a standstill **due to dangerous and defective roadway building and design by Lane Construction and the AECOM Defendants**. **Upon information and belief, Lane Construction and/or AECOM Defendants designed and built this section of interstate with a dangerous and defective bottleneck transition area where four lanes of east-bound interstate traffic reduced from the far left lane to three lanes and then suddenly reduced to two lanes (again from the left outside "fast" lane) in an unsafe shortened transition area with inadequate signs warning drivers** that **the two left fast lanes would quickly merge and disappear. As a result, in heavy volume traffic, vehicles were forced to slow suddenly and merge in a unreasonably short transition zone causing large volume traffic back ups to occur thereby dangerously slowing and stopping interstate traffic.** (Emphasis added).

> 21. **In the Friday afternoon traffic backup (caused by defective and dangerous roadway design),** Conley and Zhao were involved in a collision in the eastbound lanes of I-40 near mile marker 232 in Wilson County, Tennessee when traffic suddenly slowed and stopped. Plaintiff observed Conley's car suddenly slow and stop ahead of her. As she slowed, Conley stopped his car in the lane. Plaintiff braked, yet was unable

Additionally, TDOT believes the project was not constructed adequately to provide for appropriate water runoff."

*See also* Tennessean, *Project design blamed for 30 crashes on I-40 in Mt. Juliet* (July 31, 2015), available at: http://www.tennessean.com/story/news/local/wilson/mt-juliet/2015/07/31/project-design-blamed-30-crashes--40-mt-juliet/30949491/ (last visited Oct. 8, 2015).

to stop before impacting the rear of Conley's car. The hood of Plaintiff's vehicle was badly damaged. Plaintiff's car was disabled, could not be moved and fluid was leaking from the front of car. Plaintiff's blinking hazard lights were on. *See Survivor in I-40 Crash Speaks Out WSMV.COM*, http://www.wsmv.com/story/26706513/survivor-in-i-40-crash-speaks-out(last visited August 18, 2015). (Emphasis added).

The Second Amended Complaint (DE# 34) then, at paragraphs 70-71, incorporates these prior factual averments and pleads a claim for negligence in full compliance with Rule 8 and Form 11:

> 70. Plaintiff re-alleges the allegations and facts in the preceding paragraphs as if fully set forth herein.
> 71. In the alternative, upon information and belief, Plaintiff avers **that the AECOM DEFENDANTS designed the subject roadway where Plaintiff was injured.**
> 72. Plaintiff further alleges, in the alternative, that **Plaintiff's injuries were directly and proximately caused by the negligence of the AECOM Defendants. The AECOM Defendants negligently designed Interstate 40 as set forth in paragraph 17 [*sic*, should be 20] supra. A bottleneck at mile marker 232 -233 forced cars to suddenly and unsafely merge from four lanes to two lanes without adequate transition zone distance, signage, warnings or speed reductions, thereby creating an unreasonably dangerous, defective and unsafe road, especially in high volume traffic**. (Emphasis added).

Paragraphs 84-85 (and 21, *see supra*) aver proximate cause:

> 84. The collisions described above were the direct and proximate result of the acts and omissions of the Defendants.
> 85. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Zhao suffered excruciating physical and mental pain and suffering, mental and physical anguish, physical disfigurement, permanent impairment, loss of enjoyment of life, lost earning capacity, medical, hospital and rehabilitation expenses (all damages past, present and future).

The elements of negligence claims in Tennessee are duty, breach of duty, cause in fact, loss or injury, and proximate cause. *McCarley v. W. Quality Food Serv*., 948 S.W.2d 477, 479 (Tenn. 1997).* Whether a defendant owes a plaintiff a duty of care is a question of law. *Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993.)* Under Tennessee law it is beyond dispute that AECOM (and Lane Construction) had "a duty to exercise reasonable care under all the attendant

12

circumstances in planning, designing, constructing and maintaining the State system of highways." *Robinson v. State,  No. E2011-01540-COA-R3-CV, 2012Tenn. App. LEXIS 522 at *36  (Tenn. Ct. App. July 31, 2012).*  Plaintiff's Second Amended Complaint  directly alleges that AECOM and Lane breached its duties by negligently designing Interstate 40  by creating a bottleneck at mile marker 232 -233 that  forced cars to suddenly and unsafely merge from four lanes to two lanes without adequate transition zone distance, signage, warnings or speed reductions, thereby creating an unreasonably dangerous, defective and unsafe road, especially in high volume traffic.  Plaintiff  further pleads that defendants' negligence was a proximate cause of the accident. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) quoting Twombly, 550 U.S. at 555.

AECOM's motion and supporting memorandum [DE# **37-1**at p. 8] incorrectly assert that the Second Amended Complaint  (DE# 34)  "does not make any factual allegations of negligence" on the part of the AECOM Defendants. Paragraphs 9, 14, 19, 20, 21, 70, 71, 72, 84 and 85 specifically plead *facts* to support the negligent design claim and do not simply allege threadbare elements of the cause of action.

In addressing AECOM's and Lane's motions, the complaint must be taken as true. Here Zhao has pleaded much more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Ashcroft v. Iqbal*  is met here because the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 556). The complaint must plead facts that allow a reasonable inference that the defendant is

13

liable. *Id.*

The striking flaw in defendants' motions is that defendants confuse their *potential* statutory defense (of a rebuttable presumption) with the Plaintiff's pleading burden under Rule 8, *Twombly* and *Iqbal*.  However, there is no requirement for a complaint to negate or anticipate defenses or rebuttable presumptions.

AECOM's reliance on *Leatherwood v. Wadley*, 121 S.W.3d 682 (Tenn. Ct. App. 2003) is misplaced.  *Leatherwood*  is a state-court case with no application to federal court pleading standards.[17] *Leatherwood*  is also distinguishable as it was a  summary judgment case, not a Rule 12(b)(6)  *Twombly*/*Iqbal*  motion (which addresses fair notice, plausibility and  requires the Court to take the pleaded allegations as true). In *Leatherwood*  the plaintiffs claimed negligence for failing to erect adequate safety barriers around a race track where a visitor was injured by flying debris from a wheel that broke during racing. The Court of Appeals affirmed a summary judgment because  plaintiffs  *introduced no evidence* to meet their summary judgment burden of breach of any statutory or regulatory authority pertaining to race track construction or safety standards and  "failed to explain the precise shortcomings of the pit area barricades" to "create a genuine issue of material fact as to whether defendant constructed inadequate barriers." In other words, plaintiffs cited no safety standards *and* failed to explain or present evidence or expert testimony as to the inadequacies and  shortcomings of the barriers.

*Leatherwood* has no application to federal pleading standards, the standard and burden to survive a 12(b)(6) motion or to the duty applicable to road designers where the standard of care

---

[17] In a federal diversity case, federal law, *not state law*, governs the 12(b)(6) inquiry as to the sufficiency of notice and plausibility of the complaint. *Feil v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 54261, *9 (E.D. Tenn. Apr. 15, 2013).

14

is one of "reasonableness" based upon the physical aspects of the road, the frequency of

accidents and expert testimony *Atkins v. State, slip op*., No. E2003-01255-COA-R3-CV 2004

Tenn. App. LEXIS 240, 2004 WL 787166 at *15-16 (Tenn. Ct. App. Apr. 14, 2004):

> "The standard of care imposed upon governments in building and maintaining roads is one of reasonableness. Swain v. City of Nashville, 170 Tenn. 99, 92 S.W.2d 405, 406 (Tenn. 1936). State and federal law impose an affirmative duty upon governmental entities to inventory, inspect, classify and maintain roads in accordance with reasonable standards. Austin v. State, 796 S.W.2d 449, 455 (Tenn. 1990) . This includes the duty owed to all persons lawfully traveling upon the highways to exercise reasonable care under all the attendant circumstances in planning, designing, constructing and maintaining the State system of highways. Tenn Code Ann. § 9-8-307(a)(1)(I); Goodermote v. State, 856 S.W.2d 715, 720 (Tenn. Ct. App.1993). [*16] Among the factors the Court, as the finder of fact, is to consider are: (1) the physical aspects of the road; (2) the frequency of accidents at the site; and (3) expert testimony in arriving at this factual determination. *Sweeney v. State*, 768 S.W.2d 253, 255 (Tenn. 1989)."

Plaintiff's Second Amended Complaint, unlike the deficient summary judgment record

in *Leatherwood,* pleads the *specific* shortcomings of the road design:

> "[a] bottleneck at mile marker 232 -233 [that] forced cars to suddenly and unsafely merge from four lanes to two lanes without adequate inadequate transition zone distance, signage, warnings or speed reductions, thereby creating an unreasonably dangerous, defective and unsafe road, especially in high volume traffic."(Pl. Second Am. Compl. ¶ 72)

> "an unsafe shortened transition area with inadequate signs warning drivers that the two left fast lanes would quickly merge and disappear. As a result, in heavy volume traffic, vehicles were forced to slow suddenly and merge in a unreasonably short transition zone causing large volume traffic back ups to occur thereby dangerously slowing and stopping interstate traffic. " ( Pl. Second Am. Compl. DE# 34 ¶ 20).

*Leatherwood* holds no more than *at the summary judgment stage* the plaintiffs failed to

introduce facts and proof to establish whether "the defendant constructed inadequate barriers. "

The case cannot be read to require that at the pleadings stage the plaintiff must allege a violation

of safety standards lest a general common law negligence claim (based on reasonable care under

the facts and circumstances) will be dismissed for failure to state claim.

15

AECOM and Lane's motions are decidedly premature as they presents no facts to show they are entitled to a presumption of due care. AECOM improperly "half-cites" [DE# 37-1 at 37] Tennessee Code Annotated ("T.C.A.") § 54-5-145(c)(1) to state that an entity that contracts to prepare engineering plans for the construction of a highway for the department of transportation:

> . . . shall be presumed to have prepared such plans using the degree of care and skill ordinarily exercised by other engineers in the field under similar circumstances and in similar localities and with due regard for acceptable engineering standards and principles . . .

AECOM, however, *cuts off the sentence* and omits the critical limitation that immediately follows (and was ellipsed by AECOM) that provides that the presumption *is conditional* and applies *only if* the engineering plans conformed to TDOT design standards materials for the defect that was the proximate cause of the injury or death:

> Tennessee Code Annotated § 54-5-145(c)(1)
>
> (1) In all cases involving personal injury, property damage, or death, a person or entity who contracts to prepare or provide engineering plans for the construction or repair of a highway, road, street, bridge, or other
> transportation facility for the department of transportation shall be presumed to have prepared such engineering plans using the degree of care and skill ordinarily exercised by other engineers in the field under similar conditions and in similar localities and with due regard for acceptable engineering standards and principles **if the engineering plans conformed to the department of transportation's design standards material to the condition or defect that was the proximate cause of the personal injury, property damage, or death.** (Emphasis supplied as to remainder of the sentence AECOM left out).

The plain words of the statute, once read in full, make it clear that the presumption is only available subject to the proviso that the plans conform to the department of transportation's design standard materials that was the proximate cause of injury. In order to avail itself of the presumption AECOM must come forward with facts to show its lane design and transition zone were in compliance with design standards. Plaintiff's Second Amended Complaint places AECOM on notice that its design was negligent because of a bottleneck at mile marker 232 -233

16

that forced cars to suddenly and unsafely merge from four lanes to two lanes without adequate transition zone distance, signage, warnings or speed reductions, thereby creating an unreasonably dangerous, defective and unsafe road, especially in high volume traffic. If and when AECOM were to come forward with facts to show that its design complied and conformed to design standards then, and only then, would the issue of AECOM's entitlement to a presumption arise (likely at the summary judgment stage, if at all). At this stage (pleadings), however, there is no requirement for plaintiff to negate a potential "presumption."

### B. Even If the Court Determines that Plaintiff's Complaint Is Deficient, the Appropriate Remedy is to Allow Plaintiff to Amend Her Complaint

Even assuming, *arguendo*, that Plaintiff's complaint is deemed deficient under Rule 8 and Rule 12, which Plaintiff vigorously denies as a matter of law, the proper remedy is to allow Plaintiff to amend her Complaint to remedy any deficiency. *See Iqbal, 129 S. Ct at 1954* (remanding case to the Court of Appeals to decide in the first instance whether to remand to the District Court so that respondent can seek leave to amend his deficient complaint; *see also Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002)* (reversing district court's denial of motion for leave to amend because Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order-as opposed to an effort to add new claims or parties and the Court could envision no prejudice to Defendant from granting leave to amend.)**.**

The Sixth Circuit has held that a request to amend in a response to a motion to dismiss does not constitute a motion within the meaning of Fed. R. Civ. P. 15(a), *PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 699, 91 Fed. Appx. 418 (6th Cir. 2004).* Accordingly, Plaintiff has filed a motion to amend her Complaint with the proposed Third Amended Complaint attached. *See*

*Schuh v. HCA Holdings, Inc*., 947 F. Supp. 2d 882, 894-895 (M.D. Tenn. 2013).

Amendment would not be futile in this case. The design plans for this TDOT Construction project show the lane widening at Mount-Juliet to Gallatin. Proposed Third Amended Complaint at ¶ 80. The drawings (plans) show that the transition distance (area) is in fact too short and **not** in compliance with the MUTCD (Manual on Uniform Traffic Control Devices, 2009 edition including 2012 revisions)[18] Section 3B.09 Lane-Reduction Transition Markings.[19] *Id.* at ¶¶ 80-81. Nor do the design plans provide adequate *advance* warning signage that the two left lanes are going top be disappearing within a half mile. MUTCD (Manual on Uniform Traffic Control Devices, 2009 edition including 2012 revisions at pp. 108, 554 and 707. Proposed Third Amended Complaint at ¶ 82.

The standards set forth in the MUTCD have been adopted in Tenn. Code Ann. § 54-5-108(b) requiring conformity to the provisions of the manual and in Tennessee Department of Transportation Rule 1680-3-1-.02[20] which provides that the MUTCD is hereby adopted in its entirety and incorporated herein by reference.). In *Russell v. Anderson County,* No. E2010-

---

[18] http://mutcd.fhwa.dot.gov/pdfs/2009r1r2/mutcd2009r1r2edition.pdf
( last visited December 1, 2015).
[19] MUTCD Section 3B.09 Lane-Reduction Transition Markings provides: "For roadways having a posted or statutory speed limit of 45 mph or greater, the transition taper length for a lane-reduction transition should be computed by the formula L = WS. For roadways where the posted or statutory speed limit is less than 45 mph, the formula L = WS2/60 should be used to compute the taper length. Support: Under both formulas, L equals the taper length in feet, W equals the width of the offset distance in feet, and S equals the 85th-percentile speed or the posted or statutory speed limit, whichever is higher. Guidance: Where observed speeds exceed posted or statutory speed limits, longer tapers should be used."
http://mutcd.fhwa.dot.gov/pdfs/2009r1r2/mutcd2009r1r2edition.pdf at p. 374
(last visited December 1, 2015).

[20] https://www.tn.gov/assets/entities/tdot/attachments/1680-03-01.pdf (Last visitedDecember 1, 2015).; *Begley v. State,* 162 S.W.3d 535, 538, 2004 Tenn. App. LEXIS 647, *8 (Tenn. Ct. App. 2004)( Mr. Fitzgerald, Plaintiff's expert, testified that the Manual On Uniform Traffic Control Devices ("the MUTCD"), a publication by the Federal Highway Administration, which contains the "nationally accepted practice for traffic control including work zone type activities", has been adopted by Tennessee as a standard through Tenn. Code Ann. § 54-5-108.

18

00189-COA-R3-CV, 2011 Tenn. App. LEXIS 57, 2011 WL 486900 (Tenn. Ct. App. Feb. 11, 2011)the Court held that the failure to conform to the MUTCD was negligence *per se. Id*. at 30.

In this case the lanes are 12 feet, the speed limit is 70 mph. Proposed Third Amended Complaint at ¶ 81. Therefore for each transition there should be 840 feet (total of 1680 feet). *Id*. This is because the lanes drop from 4-3-2. Instead, the design is for only 1500 feet of transition, *Id*. 180 feet short. 1680 feet at 70 mph is 18 seconds. 1500 feet at 70mph is 14.4 seconds. Thus, there is 20% less time than required by the minimum MUTCD standard. This was a substantial factor in causing highway obstruction and the accidents at issue. *Id*.

In addition there is only one warning sign in advance of the taper, approximately 1200 feet before the first lane drop. Proposed Third Amended Complaint at ¶ 82. *Reasonable care* for design engineering and the MUTCD required additional warning signs or design measures to warn drivers that they would be losing the left (fast) lanes and have to merge to two lanes from four lanes. Again, as set forth above, the MUTDC standards and guidelines are minimal and more distance and warnings can be required by the standard of reasonable care depending on the circumstances. In short, the taper/transition was not in compliance with the MUTDC because it is short by 180 feet (20% time reduction) and more warning to drivers was required.

## CONCLUSION

Plaintiff's negligence claims against AECOM and Lane in this case satisfy the *Twombly*-*Iqbal* standards because they provide fair notice to AECOM and Lane of the basis of the negligence claims and allege facts to raise a reasonable expectation that discovery will reveal evidence of negligent road design. Alternatively, if the Court concludes that Plaintiff's allegations in the Second Amended complaint are deficient, Plaintiff has properly moved for leave to amend her complaint in order to remedy any such deficiencies.

Respectfully submitted,

by:    */s/ David Randolph Smith*
**David Randolph Smith**, TN BPR #011905
**Dominick R. Smith**, TN BPR #028783
**W. Lyon Chadwick, Jr.**, TN BPR #029599
DAVID RANDOLPH SMITH & ASSOCIATES
1913 21st Avenue South
Nashville, Tennessee 37212
*Attorneys for Plaintiff Yiting Zhao*

## CERTIFICATE OF SERVICE

I certify that today, December 1,2015 a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt:

Warren Smith
Suite 100
214 2nd Avenue North
Nashville, TN 37201
*Attorneys for Defendants Chase Fakes,*
   *Danny Sellars and  Donald Scott Fakes*

Philip M. Kirkpatrick
Jeffrey C. Smith
Rocklan W. King , III
Fifth Third Center
424 Church Street, Suite 2700
Nashville, TN 37219
*Attorneys for AECOM Defendants*

Garry K. Grooms
Matthew J. DeVries
John P. Nefflen
511 Union Street, Suite 2300
Nashville, TN 37219
*Attorneys for Defendant Lane Construction*
*Corporation*

George H. Nolan
414 Union Street

R. Kreis White
Brentwood Commons II, Suite 230
750 Old Hickory Boulevard
Brentwood, TN 37027
*Attorneys for Defendants*
   *Edgar and Robert Conley*

Gary M. Kellar
414 Union Street
Suite 1700
Nashville, TN 37219
*Attorneys for Defendants*
   *Estates of Monica and Michael Cruce*

Tim L. Bowden
North Ridge Office Building
306 Northcreek Boulevard, Suite 200
Goodlettsville, TN 37072
*Attorney for Plaintiff Edgar Conley*

Fred S. Clelland
1008 Executive Drive, Suite 104
Hixson, TN 37343

20

Suite 1740
Nashville, TN 37219
*Attorney for Plainitffs James Cruce and*
   *Morris and Debbie Alvey*

*Attorney for Defendant Shane Lovell*

John Thomas Feeney, III
P. O. Box 198685
Nashville, TN 37219-8685
*Attorney for Defendant Yiting Zhao*

   */s/ David Randolph Smith*
   David Randolph Smith